PEOPLE v WEATHERFORD

Docket No. 67125. Submitted December 9, 1983, at Detroit.—Decided
    February 8, 1984.

Richard T. Weatherford, Sr., was charged with maintaining a
    gambling house for gain. When bound over on the charge, the
    magistrate set bail at $2,500, of which ten percent had to be
    deposited with the court. Defendant was able to post the
    necessary bail. Defendant, his counsel, and the prosecutor
    negotiated an agreement whereby defendant would plead guilty
    to attempted maintaining a gambling house for gain. However,
    on the scheduled date of trial in Kent Circuit Court, Stuart
    Hoffius, J., defendant indicated that he had decided to plead
    not guilty and go to trial on the original charges. Both the
    prosecutor and defense counsel indicated to the court that,
    because they had expected defendant to plead guilty to the
    reduced charge, they were not prepared for trial. Judge Hoffius
    indicated that he was going to set the trial for two weeks hence
    and then indicated that he was going to modify the bail
    requirement, requiring that defendant post a $10,000 surety
    bond or be remanded to jail. Defendant was remanded to the
    county jail. After four days in jail, defendant appeared before
    Judge Hoffius and pleaded guilty to the reduced charge of
    attempted maintaining of a gambling house for profit. Defen-
    dant appeals. *Held:*

    1. A trial court may amend, modify, or reverse the bail
    requirements set by the examining magistrate only upon a
    determination that the magistrate abused his discretion in
    fixing bail. Even where there is a finding of abuse of discretion
    by the magistrate in fixing bail, a trial court may only fix new
    bail requirements after having addressed the factors mandated
    by the court rule governing the fixing of bail. Since the trial
    court herein failed to find an abuse of discretion by the magis-
    trate and failed to address the factors mandated by the court

REFERENCES FOR POINTS IN HEADNOTES
[1] 8 Am Jur 2d, Bail and Recognizance § 82.
[2] 21 Am Jur 2d, Criminal Law § 470.

rule, the *sua sponte* modification of the bail requirements by the trial court was improper.

2. The record establishes that the improper modification of the bail requirements by the trial court coerced the defendant into pleading guilty. Since it was the trial court's action which resulted in the coercion, a motion to withdraw the guilty plea would have been a futile act and, accordingly, was not required in order to preserve for appellate review the question of the voluntariness of the defendant's guilty plea.  ·

Reversed and remanded.

1. BAIL — COURTS — MAGISTRATES — CRIMINAL LAW.

A trial court may not modify, vacate, or reverse an order by a magistrate fixing bail except upon a finding by the trial court that there was an abuse of discretion by the magistrate in fixing bail; even upon a finding of an abuse of discretion by the magistrate in fixing bail, a trial court may only modify the bail provisions after having considered the factors mandated by the court rule governing the fixing of bail (GCR 1963, 790.5, 790.7[d]).

2. CRIMINAL LAW — GUILTY PLEAS — VOLUNTARINESS OF GUILTY PLEAS — COERCION.

A guilty-plea based conviction should be set aside where a trial court, after being advised that the defendant decided to go to trial rather than enter a guilty plea, *sua sponte* increased the bail requirements and remanded the defendant to jail and the defendant, after being held in jail after being unable to meet the new bail requirements, entered a guilty plea, since under those circumstances the trial court's improper raising of the defendant's bail requirements was so inherently coercive as to render the defendant's guilty plea involuntary.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *David H. Sawyer,* Prosecuting Attorney, and *Timothy K. McMorrow,* Chief Appellate Attorney, for the people.

*George S. Buth,* for defendant on appeal.

Before: R. M. MAHER, P.J., and R. B. BURNS and J. G. ROSKOPP,* JJ.

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. Defendant was charged with maintaining a gambling house for gain, MCL 750.303; MSA 28.535, and subsequently pled guilty to attempted maintaining a gambling house for gain, MCL 750.92, 750.303; MSA 28.287, 28.535. He was sentenced to serve eight months in the Kent County Jail, with credit for time served, and to pay $1,000 in fines and costs, or to serve an additional four months in jail.

On December 26, 1980, defendant was bound over on the charge of maintaining a gambling house for gain, and bail was fixed at $2,500 with a ten percent bond. Defendant's retained attorney, Mr. Dilley, defendant, and the prosecutor, Mr. Hoekstra, then negotiated a settlement whereby defendant would plead guilty to the attempt charge on the day for which trial had been set. Instead, on that day, defendant informed his counsel and the prosecutor that he had decided to plead not guilty. The prosecutor informed the trial court of the prior agreement and told the court that, because he had expected defendant to plead guilty, he had not come prepared for trial. Mr. Dilley also informed the court that he had expected defendant to plead guilty and so had not come prepared for trial. The following colloquy then occurred between the trial court and defendant:

"*The Court:* All right, thank you. Is that accurate, Mr. Weatherford?

"*Defendant:* Yes.

"*The Court:* You insist upon a trial at this time?

"*Defendant:* Yes, sir.

"*The Court:* And you understood that you were—last week I understand that you had agreed to plead guilty today, the day of trial?

"*Defendant:* Somewhat, your Honor. If I can just take

a brief minute to explain how this went about, I think this case has been since December. Now, the only thing that I have—I was called in to the office, I understood—I thought the trial was supposed to be the 20th but when I got to his office evidently that was on a Wednesday, about the 19th or somewhere along that date and we hashed through this in a hasty manner and—

"*The Court:* And you had agreed to plead guilty to the attempt?

"*Defendant:* Well, somewhat.

"*The Court:* Is that not the case?

"*Defendant:* I didn't feel I had ample time between them few days until what you set the 23rd which was set today and I ask for an adjournment. That's all.

"*The Court:* I am not going to grant the adjournment. I was going to insist upon trial since the prosecutor and your own attorney had agreed that you were to plead guilty and no witnesses are here. I cannot do that so I am going to modify the bond heretofore affixed, fix bond at $10,000.00 with surety and remand you to the jail and we will adjourn the matter for two weeks until April 6. That will be two weeks from today. Thank you.

\* \* \*

"If you want to change your mind and still go ahead with the plea agreement within the next five minutes, you can do so but, if it isn't done, we will remand you to jail."

At the close of the session Mr. Dilley informed the court that he was withdrawing as defendant's counsel.

Defendant remained in jail for four days, until March 25, 1981. On that day, he appeared in court again before the same trial judge and tendered his guilty plea pursuant to the plea bargain already worked out. In response to the court's questions, defendant stated that he was pleading guilty voluntarily. Immediately after defendant pled guilty, the trial court stated:

"*The Court:* I will accept the plea and ask for a presentence investigation. I believe there was a bond here before, wasn't there?

"*Mr. Dilley:* That is correct, your Honor.

"*The Court:* In what amount?

"*Mr. Hoekstra:* Twenty-five hundred, ten percent.

"*The Court:* Is that money still on deposit?

"*Mr. Hoekstra:* Yes.

"*The Court:* If it is, I am willing to reduce it back to what it was before.

"*Mr. Dilley:* Thank you, your Honor.

"*Mr. Hoekstra:* I have no objections.

"*The Court:* They will have to take you back to jail and then we will release you from there."

Defendant was sentenced on June 2, 1981. At that time, the same trial judge said:

"In any event, it is the sentence of the court that you be confined in the county jail for a period of eight months with credit for the time that you earlier spent and that is from December 12 to December 13 *plus the four days that you spent in jail when I remanded you and you finally came back and pleaded."* (Emphasis added.)

On appeal, defendant argues that he should be permitted to withdraw his guilty plea because it was coerced by the trial court's action in *sua sponte* raising the amount of his bail and remanding him to jail after he at first refused to plead guilty. We agree.

The record strongly suggests that the trial court deliberately raised the amount of defendant's bail to coerce him into pleading guilty. The original bail and bond amount was apparently satisfactory, and we note that the trial court, on its own motion, immediately reinstated the original bail and bond after defendant tendered his guilty plea.

In addition, the trial court was without authority to raise the amount of bail as it did. GCR 1963, 790.5 lists the factors a court must consider in imposing bail. Once a magistrate has imposed bail, a higher court may not modify, vacate, or reverse the lower court's order setting bail except on a finding of an abuse of discretion. GCR 1963, 790.7(d). Since there was no such finding, and since the trial court did not consider any of the GCR 1963, 790.5 factors in raising the amount of bail, the trial court should not have increased the amount of defendant's bail. Finally, we note that the coercion appears to have had its desired effect on defendant. Defendant was free on bond when he decided not to plead guilty. After four days in jail, he changed his mind. We can only conclude that the atmosphere in which defendant tendered his guilty plea was so inherently coercive that he should be given the opportunity to withdraw his plea.

While normally a defendant must first have the trial court consider the question of the voluntariness of his guilty plea, *People v Hall,* 399 Mich 288; 249 NW2d 62 (1976), we do not believe that this requirement should be enforced where the record shows that such a step would have been futile in light of the coercive role played by the trial court in inducing the guilty plea.

We therefore remand to the trial court to give defendant the opportunity to withdraw his guilty plea. If defendant states a desire to withdraw his plea, the trial court shall permit the withdrawal. We do not retain jurisdiction.